## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERAPEARL, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2018 CV 6005 |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| VERIDIAN HEALTHCARE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND DESIGN PATENT INFRINGEMENT

Plaintiff, TheraPearl, LLC ("TheraPearl") by and for its complaint against Defendant, Veridian Healthcare, LLC ("Veridian"), hereby states as follows:

### THE PARTIES

1.     TheraPearl is a Maryland limited liability company with its principal place of business at 9305 Gerwig Lane, Suite Q, Columbia, Maryland 21046. TheraPearl is responsible for inventing and popularizing the distinctive gel bead hot/cold therapy packs that have come to populate the shelves of retail stores and medical supply outlets worldwide. TheraPearl markets, sells, and offers for sale in the United States various configurations of these first-of-their-kind hot and cold temperature therapy packs. In all cases, the therapy packs are configured to include transparent pack walls to prominently display colored, spherical beads in connection with, or under license of, the federally-registered trademark TheraPearl®.

2.     Upon information and belief, Veridian is an Illinois corporation registered to do business in Illinois with a place of business at 1175 Lakeside Drive, Gurnee, Illinois 60031.

Veridian manufactures, markets or sells thermal packs under the name "Theracare" and "Theracare Sport Pack," which are imported from China and sold in the United States.

## JURISDICTION

3.     Jurisdiction over the underlying controversy arises under Section 39(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1121(a), and under the patent laws of the United States, Title 35 of the United States Code, and the Judicial Code, 28 U.S.C. §§1331, 1338(a), 1338(b) and 1367.

4.     Upon information and belief, Veridian is amenable to the personal jurisdiction of this Court because Veridian resides in and is incorporated under the laws of the State of Illinois; and it regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; and the causes of action alleged herein arise from Veridian's, directly or through its agent(s), transacting business in this state, causing tortious injury by acts or omissions in this state, and/or causing tortious injury in this state by an act or omission outside this state; and Veridian has purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into Court here.

5.     Upon information and belief, a substantial portion of Veridian's infringing activities took place in Illinois, including the marketing, shipment, sale, offer for sale, and distribution of the infringing products described below.

6.     Upon information and belief, Veridian purposefully avails itself of the privilege of doing business in Illinois, including but not limited to, by residing in and soliciting business in Illinois, by advertising or promoting its goods (including the infringing goods) to citizens of

Illinois, and by shipping goods (including the infringing goods) from and within Illinois for eventual sale to or by Illinois residents.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Veridian resides in and is incorporated under the laws of the State of Illinois, Veridian does business in Illinois, and the infringement and other acts complained of herein occurred within Illinois and this District, and because Veridian is subject to personal jurisdiction in this District.

## THERAPEARL'S TRADEMARKS AND TRADE DRESS

8.    TheraPearl has established and now owns common law and registered trademark rights in the marks THERAPEARL®, THERAPEARL PALS®, THERAPEARL TECHNOLOGY®, and SPORTS PACK®, as well as in multiple design marks in the form of ornamental, pearl-like beads. These include duly and legally issued U.S. Trademark Registration Nos. 3,720,979; 4,130,678; and 4,226,574 for the standard character marks THERAPEARL, THERAPEARL PALS, and THERAPEARL TECHNOLOGY (**Exhibit 1**), and U.S. Trademark Registration Nos. 4,352,396 and 4,352,397, for the design marks (**Exhibit 2**), respectively. Each of these marks is registered in connection with heatable and freezable bead filled therapeutic packs.

9.    TheraPearl also owns duly and legally issued U.S. Trademark Registration No. 5,243,735 for the standard character mark SPORTS PACK, also in connection with heatable and freezable bead filled therapeutic packs. (**Exhibit 3**).

10.    Additionally, TheraPearl owns trade dress rights protecting the non-functional, ornamental appearance of its product packaging as a source identifier. This trade dress includes the prominent use of the colors white and blue, with both opaque and clear package panels; the location of the mark "THERAPEARL" at the top center of the package, in association with the words "HOT & COLD THERAPY"; a dual color red/blue bar including the words "HOT" and

3

"COLD" where the colors are joined by an angled red/blue color junction; the use of a grey scale image depicting a person applying a therapy pack, with the pack itself being displayed in a bright distinctive blue color against the grey scale image; and including the collective impression that such trade dress elements supply to a consumer. Representative images of THERAPEARL® hot and cold, gel bead thermal pack product packaging are shown below:



11.    TheraPearl also owns product configuration trade dress rights protecting the non-functional, ornamental appearance of its products as a source identifier. This product configuration trade dress includes the appearance of the gel beads of its products, which are visible to consumers due to the use of a transparent pack shell. TheraPearl adopted this appearance, which is obtained through higher manufacturing costs associated with producing products with visually transparent pack shells, so that TheraPearl's product would have a distinctive appearance which would be recognized and adopted by consumers as a source identifier. TheraPearl's product configuration trade dress rights also, independently, include the distinct blue color for the gel beads, as depicted below:



12.     TheraPearl has notified and continues to notify the public of its trade dress product configuration rights by including the following statement, or its substantial equivalent, on its products and packaging:

OUR PEARLS ARE OUR TRADEMARK. LOOK FOR THE DISTINCTIVE, ORNAMENTAL APPEARANCE OF OUR PEARLS AS A SIGN OF OUR QUALITY.

TheraPearl also includes the following statement on its product packaging:

THERAPEARL, LLC CLAIMS AND/OR RESERVES ALL RIGHTS IN THE ORNAMENTAL APPEARANCE OF ITS PRODUCTS AS PRODUCT CONFIGURATION.

13.     TheraPearl's trademark rights in the appearance of a gel bead, and a gel bead cluster, U.S. Trademark Registration Nos. 4,352,396 and 4,352,397, respectively (shown below)



(*Reg. No. 4,352,396*)          (*Reg. No. 4,352,397*)

further support TheraPearl's claims in the ornamental appearance of its visible-bead hot/cold therapy products. (**Exhibit 2**).

14.     For more than nine years, TheraPearl, alone or in cooperation with its licensees, has been the substantially exclusive source of gel bead-containing hot and cold packs in the United States, where the pack is comprised of a transparent pack shell, so that the beads are prominently displayed for recognition by consumers. Currently, there are at least fifteen different types of THERAPEARL® hot and cold, gel bead thermal pack products, which include Ankle/Wrist Wrap, Knee Wrap, Shin Wraps – Two Pack, Eye-ssential Mask, Sports Pack, Neck Wrap, Sports Pack with Strap, Back Wrap, Face Mask, Children's Pals, Breast Pack, Round "Pearl" Pack, and Oval Pack. THERAPEARL® hot and cold, gel bead thermal pack products have been sold in Walgreens, Walmart, Rite Aid, Duane Reade, Harris Teeter, Kroger, Kmart, Dicks' Sporting Goods, and Target, among other retail stores. Moreover, since TheraPearl first launched its gel bead, hot/cold products in the United States about nine years ago, the popularity of TheraPearl's products has spread from the United States to many countries/regions including Canada, the European Union, Australia, South Korea, Taiwan, Brazil, New Zealand, South Africa, and the Philippines. Representative images of THERAPEARL® hot and cold, gel bead thermal pack products and packaging are shown below:







15.     TheraPearl has spent millions of dollars promoting and selling its gel bead, hot/cold products, including their unique product configuration, and has earned awards and numerous media mentions in television, movies, and magazines, highlighting those aspects.

16.     For example, TheraPearl's thermal pack products have appeared in the movies "Straight A's" and "Looper." TheraPearl's products have also appeared in television programs including:

| | |
|---|---|
| ABC's "The Chew" | The Mindy Project |
| Baby Daddy | The New Normal |
| Fargo | The Ellen Degeneres show |
| Dexter | Today (Kathie Lee & Hoda) |
| Weeds | New Girl |
| American Hoggers | Hart of Dixie |

TheraPearl's thermal pack products have also appeared in the following magazines:

| | | |
|---|---|---|
| InStyle Beauty | Inc. 500 | InStyle |
| Forbes | Muscle & Fitness | Self |
| Women's Health | Inside Triathalon | Parents |
| Cosmopolitan | Working Mother | Parents Canada |
| Real Simple | Healthy & Fit Magazine | American Baby |
| Glamour | Seventeen | Fit Pregnancy |
| Fitness | Pregnancy & Newborn | Parade |
| Spa Professional Mexico | Max Sports & Fitness Magazine | |
| Ce!ebrate Arkansas Magazine | | |

17.     TheraPearl's thermal pack products have been licensed by global companies, including Bausch + Lomb, for the Bausch + Lomb THERAºPEARL® Eye Mask and Lansinoh, for the Lansinoh® THERA°PEARL® 3-in-1 Breast Therapy pack.

18.     TheraPearl has partnered with the NFL Players Association ("NFLPA"), the Road Runners Club of America, and the National Ski Patrol, as well as with various professional athletes, such as National Football League star Maurice Jones-Drew and Legends Football League quarterback Angela Rypien.

19.     As a result of TheraPearl's widespread promotion, advertising, and continuous use, TheraPearl's trademarks and trade dress have acquired significant brand recognition and a valuable reputation. TheraPearl's trademarks and trade dress have become widely and favorably known to the public throughout the United States and have become recognized by consumers as identifying TheraPearl's products. TheraPearl's trademarks and trade dress are thus strong source indicators of TheraPearl's gel bead, hot/cold products through long-standing, far-reaching use.

9

## THERAPEARL'S DESIGN PATENT

20.    In addition to its trademark and trade dress rights, Therapearl also owns U.S. Design Patent No. D805,648 ("the '648 Design Patent"), entitled "Thermal Pack," which duly and legally issued to D. Baumwald of Elkridge, MD, on December 19, 2017 (**Exhibit 4**).

21.    The '648 patent claims and protects the ornamental features of a baffle and gel bead, which can be used in a thermal pack, an embodiment of which is found in the THERAPEARL® Back Wrap. The '648 Design Patent claim is represented by the scope depicted below:



## VERIDIAN'S INFRINGING PRODUCTS

22.    Since approximately 2012, TheraPearl supplied its hot and cold, gel bead thermal pack products to retailers Vons, Albertsons, Safeway, Tom Thumb, Jewel Osco, Randalls, Carrs, and ACME. TheraPearl's commercial relationship with these retailers was a successful one, and, in certain cases, the retailers were expanding the product lines offered, because of product sales success. During 2018, on information and belief, however, Veridian began offering products which infringe TheraPearl's intellectual property to these retailers, at lower prices than TheraPearl, which caused these retailers to discontinue their commercial relationships with TheraPearl.

23.     Veridian's infringing products are sold at deeply discounted prices, as compared to the prices at which TheraPearl's products were and are currently sold. Consequently, consumers confused about the source of Veridian's products have and will begin to believe that products which are authorized by TheraPearl, and which have the same quality as TheraPearl's products, may be purchased from these retailers, at prices which are heavily discounted compared to TheraPearl's product prices offered elsewhere. Thus, TheraPearl, in addition to having lost its commercial relationships with the identified retailers, also stands to lose future business – at other online and brick and mortar retail establishments – due to Veridian's infringement of TheraPearl's intellectual property. Furthermore, consumers have and will come to believe that TheraPearl's branded and authorized products are overpriced relative to the infringing products offered by Veridian. This harm is irreparable, and will become further irreparable, unless it is enjoined.

24.     Veridian's infringing products at issue in this Complaint, identified in detail *infra*, are hot and cold, gel bead thermal pack products, which are sold in packaging under the brand name "Theracare" along with instructions for use also containing the "Theracare" name.

25.     As a first example, Veridian commercializes a gel bead thermal pack product under the name *THERACARE Hot/Cold Gel Beads Sport Pack*, which is a temperature therapy product, configured as a clear outer shell filled with visible blue beads, and which is useful for providing hot/cold temperature therapy. Veridian's "Sport Pack" product and packaging (shown below), are a slavish copy of the TheraPearl Sports Pack® product and a confusingly similar facsimile of TheraPearl's packaging, respectively.

11



(*Veridian's "Sport Pack"*)



(*Veridian's "Sport Pack" Packaging*)

26.     Veridian's *THERACARE Hot/Cold Gel Beads Sport Pack* product directly copies and infringes TheraPearl's trade dress rights by using a clear outer shell filled with visible blue gel beads and having the same rectangular-shaped pack dimensions. Veridian's adoption of a pack appearance that exactly mimics TheraPearl's Sports Pack® product, including the same bead color, bead size, and relative pack dimensions and thickness, is likely to cause confusion with, and therefore infringes, TheraPearl's trade dress rights. Specifically, consumers are likely to confuse TheraPearl's and Veridian's products as originating from the same source.

27.     Veridian's packaging is also confusingly similar to TheraPearl's packaging, in addition to utilizing confusing variants of TheraPearl's registered trademarks. More specifically,

Veridian's packaging misappropriates TheraPearl's packaging trade dress elements as well as prominently displays the words "Sport Pack" and "Theracare". Veridian's products are therefore likely to be confused with TheraPearl's products, and thus such activities infringe TheraPearl's registered trademark SPORTS PACK, various marks which include the word "THERAPEARL", in addition to TheraPearl's packaging trade dress rights. Veridian's use of the confusingly similar mark "Sport Pack", the mark "Theracare", and copying of other THERAPEARL® packaging elements, are shown below (side-by-side with a THERAPEARL® SPORTS PACK® package image):

 

(*the Veridian product*)          (*the THERAPEARL® product*)

28.     Increasing the likelihood of confusion, Veridian places its "THERACARE" trademark in a corner of the product, like the THERAPEARL® product, and also uses the same or substantially similar font as the THERAPEARL® trademark (compare the images below).

13



(*the Veridian product*)                    (*the THERAPEARL® product*)

29.     Veridian also commercializes a gel bead thermal pack product under the name *THERACARE Hot/Cold Gel Beads Sport Pack with Strap* (named "Sports Wrap with Strap" on the actual product), which is a temperature therapy product, configured as a clear outer shell filled with visible blue beads, and which is useful for providing hot/cold temperature therapy. On information and belief, Veridian's "Sport Pack with Strap" product and packaging (shown below) are a direct copy of the TheraPearl Sports Pack® and Strap product and packaging.



(*Veridian's "Sport Pack with Strap"*)



(*Veridian's "Sport Pack with Strap" Packaging*)

30.     Veridian's *THERACARE Hot/Cold Gel Beads Sport Pack with Strap* product directly copies and infringes TheraPearl's trade dress rights by using a clear outer shell filled with visible blue gel beads and having the same oval-shaped pack dimensions. Veridian's adoption of a pack appearance that exactly mimics TheraPearl's Sports Pack® and Strap product, including the same bead color, bead size, relative pack dimensions and thickness, strap color, and strap fastener and location, is likely to cause confusion with, and therefore infringes, TheraPearl's trade dress rights. Veridian's packaging, because it misappropriates TheraPearl's packaging trade dress elements, and utilizes the mark "Theracare" which is confusingly similar to TheraPearl's various

15

"THERAPEARL" marks, also infringes TheraPearl's trademark and trade dress rights. Specifically, consumers are likely to confuse TheraPearl's and Veridian's products as originating from the same source. Increasing the likelihood of confusion, Veridian places its confusingly similar "THERACARE" mark on the product, using the same or substantially similar font as the THERAPEARL® trademark.

31.     Veridian also commercializes a gel bead thermal pack product under the name *THERACARE Hot/Cold Gel Beads Eye Mask*, which is a temperature therapy product, configured as a clear outer shell filled with visible blue beads, and which is useful for providing hot/cold temperature therapy. On information and belief, Veridian's "Eye Mask" product and packaging (shown below) are a direct copy of the TheraPearl Eye Mask product and packaging.





(*Top*: *Veridian's "Eye Mask"; Bottom: Veridian's "Eye Mask" Packaging*)

32.     Veridian's *THERACARE Hot/Cold Gel Beads Eye Mask* product directly copies and infringes TheraPearl's trade dress rights by using a clear outer shell filled with visible blue gel beads and having the same eye glass-shaped pack dimensions. Veridian's adoption of a pack appearance that exactly mimics TheraPearl's Eye Mask product, including the same bead color, bead size, relative pack dimensions and thickness, strap color, and strap fastener and location, is likely to cause confusion with, and therefore infringes, TheraPearl's trade dress rights. Veridian's packaging, because it misappropriates TheraPearl's packaging trade dress elements, and utilizes the mark "Theracare" which is confusingly similar to TheraPearl's various "THERAPEARL"

marks, also infringes TheraPearl's trademark and trade dress rights. Specifically, consumers are likely to confuse TheraPearl's and Veridian's products as originating from the same source. Increasing the likelihood of confusion, Veridian places its confusingly similar "THERACARE" mark on the product, using the same or substantially similar font as the THERAPEARL® trademark.

33.    Veridian also commercializes a gel bead thermal pack product under the name *THERACARE Hot/Cold Gel Beads Back Wrap*, which is a temperature therapy product, configured as a clear outer shell filled with visible blue beads, and which is useful for providing hot/cold temperature therapy. Veridian's "Back Wrap" product and packaging (shown below), on information and belief, are a direct copy of the TheraPearl Back Wrap product and packaging.





(*Top*: *Veridian's "Back Wrap"; Bottom: Veridian's "Back Wrap" Packaging*)

34.     Veridian's *THERACARE Hot/Cold Gel Beads Back Wrap* product directly copies and infringes TheraPearl's trade dress rights by using a clear outer shell filled with visible blue gel beads and having the same rectangular-shaped pack dimensions. Veridian's adoption of a pack appearance that exactly mimics TheraPearl's Back Wrap product, including the same bead color, bead size, relative pack dimensions and thickness, strap color, and strap fastener and location, is likely to cause confusion with, and therefore infringes, TheraPearl's trade dress rights. Veridian's packaging, because it misappropriates TheraPearl's packaging trade dress elements, and utilizes the mark "Theracare" which is confusingly similar to TheraPearl's various "THERAPEARL" marks, also infringes TheraPearl's trademark and trade dress rights. Specifically, consumers are likely to confuse TheraPearl's and Veridian's products as originating from the same source. Increasing the likelihood of confusion, Veridian places its confusingly similar "THERACARE" mark on the product, using the same or substantially similar font as the THERAPEARL® trademark.

35.     Veridian also commercializes a gel bead thermal pack product under the name *THERACARE Hot/Cold Gel Beads Snowflake Compress*, which is a temperature therapy product, configured as a clear outer shell filled with visible blue beads, and which is useful for providing hot/cold temperature therapy (shown below).



*(Veridian's "Snowflake Compress")*



*(Veridian's "Snowflake Compress" Packaging)*

36.     Veridian's *THERACARE Hot/Cold Gel Beads Snowflake Compress* product directly copies and infringes TheraPearl's trade dress rights by using a clear outer shell filled with visible blue gel beads. Veridian's adoption of a pack appearance that exactly mimics TheraPearl's thermal pack products, including the same bead color, bead size, and relative pack thickness, is likely to cause confusion with, and therefore infringes, TheraPearl's trade dress rights. Veridian's

packaging, because it misappropriates TheraPearl's packaging trade dress elements, and utilizes the mark "Theracare" which is confusingly similar to TheraPearl's various "THERAPEARL" marks, also infringes TheraPearl's trademark and trade dress rights. Specifically, consumers are likely to confuse TheraPearl's products and Veridian's product as originating from the same source. Increasing the likelihood of confusion, Veridian places its confusingly similar "THERACARE" mark on the product, using the same or substantially similar font as the THERAPEARL® trademark.

37. Veridian uses the same advertising, promotion and distribution channels as TheraPearl. Moreover, the products are relatively inexpensive and offered to consumers of all variety, therefore the level of care taken when purchasing the products is relatively low. Both of these factors increase the likelihood of confusion amongst the products.

38. It is believed that Veridian's hot and cold gel bead therapy pack product and packaging were intentionally designed to trade off of the good will and market created by TheraPearl and otherwise was a deliberate effort to infringe TheraPearl's trademark and trade dress rights and unfairly compete with TheraPearl. This intentional effort to cause confusion also increases the likelihood of confusion amongst the products.

39. Veridian's adoption of words and trade dress that are substantially identical and confusingly similar to TheraPearl's trademarks and trade dress on substantially identical products and packaging, and Veridian's offering of the products for sale to the same customers using the same distribution channels is likely to lead consumers to believe that Veridian's products are authorized by or otherwise associated with TheraPearl.

40.    Upon information and belief, Veridian was well aware of the reputation and goodwill associated with TheraPearl's trademarks and trade dress and intentionally attempted to attract the benefit of same to itself through its conduct.

41.    Upon information and belief, by virtue of Veridian's unlawful association of its business with TheraPearl's trademarks and trade dress, it is attempting to unlawfully enhance the sale of its products.

42.    As a result of its unauthorized actions, Veridian has misled the public into believing that its products are connected with TheraPearl, and/or are licensed, endorsed and/or approved by TheraPearl.

43.    In addition to the trademark and trade dress infringement described above, the baffle design and gel beads of Veridian's *THERACARE Hot/Cold Gel Beads Back Wrap* also infringe the claimed baffle and bead design of TheraPearl's '648 Design Patent, as shown by the comparison below:

 

*(Excerpt of FIG. 1 from TheraPearl's '648 Design Patent* (**Exhibit 4**))       *(Enlarged image of a single panel from Veridian's "Back Wrap")*

44.     TheraPearl has been damaged by Veridian's infringement and unfair competition both financially and in price and quality reputation.

## COUNT ONE

### Federal Trademark Infringement and Unfair Competition [15 U.S.C. § 1114]

45.     TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

46.     This claim arises under the Lanham Act, particularly under 15 U.S.C. § 1114.

47.     Veridian's unauthorized use of the words "SPORTS PACK" and "SPORT PACK" on its products and product packaging constitutes infringement of TheraPearl's U.S. trademark registration 5,243,735 for the mark "SPORTS PACK" for heatable and freezable bead filled therapeutic packs. TheraPearl's use of the registered trademark in commerce began before Veridian's use.

48.     Veridian's unauthorized use of the word "THERACARE" on its products and product packaging constitutes infringement of TheraPearl's U.S. trademark registrations 3,720,979; 4,130,678; and 4,226,574 for the marks THERAPEARL, THERAPEARL PALS, and THERAPEARL TECHNOLOGY, respectively, for heatable and freezable bead filled therapeutic packs. TheraPearl's use of the registered trademarks in commerce began before Veridian's use.

49.     Veridian's unauthorized actions constitute false designation of origin or sponsorship of its products and tend falsely to represent that Veridian's products originate from TheraPearl or that Veridian's products and/or Veridian has been sponsored, approved, or licensed by TheraPearl or is in some way affiliated or connected with TheraPearl. Such conduct is likely to confuse, mislead and deceive customers, purchasers, and members of the public as to the origin of Veridian's products or cause said persons to believe that those products and/or Veridian has been sponsored, approved, authorized, or licensed by TheraPearl or are in some way affiliated or connected with TheraPearl, all in violation of 15 U.S.C. § 1114.

50.     Veridian has been on actual notice of TheraPearl's rights since at least March 26, 2018. For this reason and others stated herein, it is believed that Veridian's actions were done and continue to be done willfully, with full knowledge of TheraPearl's exclusive rights in its federally registered trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT TWO

### Federal Unfair Competition [15 U.S.C. § 1125(a)]

51.     TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

52.     This claim arises under the Lanham Act, particularly under 15 U.S.C. § 1125(a).

53.     TheraPearl's trade dress, including its distinctive product configuration and packaging, is non-functional and has achieved secondary meaning. The public generally associates and identifies the TheraPearl trade dress with TheraPearl.

54.     Veridian's unauthorized use of infringing trade dress began after TheraPearl's use of the trade dress in commerce and constitutes false designation of origin or sponsorship of its product and tends falsely to represent that Veridian's products originate from TheraPearl or that Veridian's products and/or Veridian has been sponsored, approved, or licensed by TheraPearl or is in some way affiliated or connected with TheraPearl. Such conduct is likely to confuse, mislead and deceive Veridian's customers, purchasers, and members of the public as to the origin of Veridian's products or cause said persons to believe that Veridian's products and/or Veridian has been sponsored, approved, authorized, or licensed by TheraPearl or are in some way affiliated or connected with TheraPearl, all in violation of 15 U.S.C. § 1125(a).

55.     Veridian has been on actual notice of TheraPearl's rights since at least March 26, 2018. For this reason and others stated herein, it is believed that Veridian's actions were done and continue to be done willfully, with full knowledge of TheraPearl's exclusive rights in its trade dress and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT THREE

**Illinois Uniform Deceptive Trade Practices Act [ 815 ILCS 510]**

56.    TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

57.    This claim arises under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*).

58.    At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect in Illinois.

59.    Veridian's unauthorized use of TheraPearl's trademarks and trade dress has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval and/or certification of Veridian's products.

60.    Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*). As a result of such conduct, TheraPearl has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which TheraPearl lacks an adequate remedy at law.

61.    In addition to the irreparable harm to TheraPearl caused by reason of Veridian's acts, TheraPearl has suffered and will continue to suffer monetary damages in an amount not yet determined.

62.    TheraPearl is entitled to entry of preliminary and permanent injunctive relief prohibiting Veridian from its unauthorized use of TheraPearl's trademarks and trade dress in violation of the Illinois Uniform Deceptive Trade Practices Act.

63.     Veridian's willful conduct entitles TheraPearl to a recovery of its attorney fees.

## COUNT FOUR

### Illinois Consumer Fraud and Deceptive
### Business Practices Act [815 ILCS 505]

64.     TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

65.     This claim arises under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*).

66.     At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect in Illinois.

67.     Veridian's unauthorized use of TheraPearl's trademarks and trade dress has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval and/or certification of Veridian's products.

68.     Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*). As a result of such conduct, TheraPearl has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which TheraPearl lacks an adequate remedy at law.

69.     In addition to the irreparable harm to TheraPearl caused by reason of Veridian's acts, TheraPearl has suffered and will continue to suffer monetary damages in an amount not yet determined.

70. TheraPearl is entitled to entry of preliminary and permanent injunctive relief prohibiting Veridian from its unauthorized use of TheraPearl's trademarks and trade dress in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

71. Veridian's willful conduct and reckless indifference toward TheraPearl's rights entitles TheraPearl to a recovery of costs, attorney fees, and punitive damages pursuant to 815 ILCS 505/10a.

## COUNT FIVE

### Unfair Competition Under Illinois Common Law

72. TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

73. This claim arises under the common law of the State of Illinois.

74. Veridian's unauthorized acts as alleged above constitute unfair competition in violation of Illinois common law.

75. TheraPearl's trade dress, including its distinctive packaging and product configuration, is non-functional and has achieved secondary meaning. The public generally associates and identifies the TheraPearl trade dress with TheraPearl.

76. Veridian's unauthorized use of infringing trademarks and trade dress constitutes false designation of origin or sponsorship of its product and tends falsely to represent that Veridian's products originate from TheraPearl or that Veridian's products and/or Veridian has been sponsored, approved, or licensed by TheraPearl or is in some way affiliated or connected with TheraPearl. Such conduct is likely to confuse, mislead and deceive Veridian's customers, purchasers, and members of the public as to the origin of Veridian's products or cause said persons to believe that Veridian's products and/or Veridian has been sponsored, approved, authorized, or

licensed by TheraPearl or are in some way affiliated or connected with TheraPearl, all in violation of Illinois common law.

77.     Veridian has been on actual notice of TheraPearl's rights since at least March 26, 2018. For this reason and others stated herein, it is believed that Veridian's actions were done and continue to be done willfully, with full knowledge of TheraPearl's exclusive rights in its trademarks and trade dress and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT SIX

### Design Patent Infringement

78.     TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

79.     This claim arises under the patents laws of the United States, Title 35 of the United States Code.

80.     The '648 Design Patent is valid and enforceable.

81.     The *THERACARE Hot/Cold Gel Beads Back Wrap* infringes the '648 Design Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. Veridian's product infringes the '648 Design Patent because in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the baffles (which extend between the sides of the back wrap) and gel beads of Veridian's product is substantially the same as the design of the baffle and gel bead claimed in the '648 Design Patent, when the two designs are compared.

82.     On information and belief, Veridian has had knowledge and notice of TheraPearl's intellectual property, including the '648 design patent. Alternatively, Veridian has acted with willful ignorance.

83. TheraPearl has been and continues to be irreparably damaged by Veridian's infringement of the '648 Design Patent.

84. Veridian's copying and infringement of the '648 Design Patent has been and continues to be willful, and thus renders this case exceptional within the meaning of 35 U.S.C. § 285.

**WHEREFORE,** TheraPearl requests that the Court:

1. Grant a preliminary and permanent injunction restraining and enjoining Veridian and any and all principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns of Veridian, and all those in privity, concert or participation with Veridian and all those who receive actual notice of the order, from:

(i) directly or indirectly infringing TheraPearl's trademarks and trade dress in any manner, including generally, but not limited to, by manufacturing, distributing, advertising, selling, and/or offering for sale any goods or services that infringe TheraPearl's trademarks and trade dress, and specifically:

a. using the word "Theracare" on its products and packaging, or any confusingly similar variant of TheraPearl's marks THERAPEARL, THERAPEARL PALS, and THERAPEARL TECHNOLOGY, and/or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the manufacture, distribution, advertising, sale, offering for sale, and/or other use of heatable and freezable bead filled therapeutic packs;

b. applying the word "Theracare" or any other confusingly similar variant of TheraPearl's marks THERAPEARL, THERAPEARL PALS, and THERAPEARL TECHNOLOGY, and/or any reproduction, counterfeit, copy, or colorable imitation

thereof, to any label, sign, print, package, wrapper, receptacle, website, or advertisement used in connection with the manufacture, distribution, sale, and/or offering for sale, of heatable and freezable bead filled therapeutic packs;

c.      using the words "Sport Pack" on its products and packaging, or any other confusingly similar variant of TheraPearl's mark "Sports Pack", and/or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the manufacture, distribution, advertising, sale, offering for sale, and/or other use of heatable and freezable bead filled therapeutic packs;

d.      applying the words "Sport Pack" or any other confusingly similar variant of TheraPearl's mark "Sports Pack", and/or any reproduction, counterfeit, copy, or colorable imitation thereof, to any label, sign, print, package, wrapper, receptacle, website, or advertisement used in connection with the manufacture, distribution, sale, and/or offering for sale, of heatable and freezable bead filled therapeutic packs;

e.      marketing, advertising, manufacturing, selling, offering for sale, distributing, or otherwise commercially using hot cold therapy products which display gel beads through transparent pack walls, or any other confusingly similar variant of TheraPearl's product configuration trade dress;

f.      marketing, advertising, manufacturing, selling, offering for sale, distributing, or otherwise commercially using hot cold therapy products which display blue gel beads through transparent pack walls, or any other confusingly similar variant of TheraPearl's product configuration trade dress;

32

g.      marketing, advertising, manufacturing, selling, offering for sale, distributing, or otherwise commercially using confusingly similar variants of TheraPearl's packaging trade dress;

(ii)    using any trademark, trade name, trade dress, logo, design or domain name that tends falsely to represent that or is likely to confuse, mislead, or deceive purchasers, Veridian's customers, or members of the public to the effect that goods manufactured, distributed, advertised, sold and/or offered for sale by Veridian originate from TheraPearl, or that said goods have been sponsored, approved, or licensed by or associated with TheraPearl or are in some way connected or affiliated with TheraPearl;

(iii)   engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Veridian's customers, and/or members of the public to the effect that the actions of Veridian are sponsored, approved, or licensed by TheraPearl, or is in some way connected or affiliated with TheraPearl;

(iv)   affixing, applying, or annexing to or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words, domain names or other symbols, tending to falsely describe or represent such goods or services as being those of TheraPearl;

(v)    otherwise competing unfairly with TheraPearl in any manner;

(vi)   destroying or otherwise disposing of any of the hereinabove mentioned products, or any documents pertaining to them or their acquisition or to any sales or transfer thereof heretofore made;

(vii)   assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above; and

(viii)   directly or indirectly infringing TheraPearl's '648 Design Patent in any manner, including generally, but not limited to, by importing, manufacturing, distributing, advertising, selling, and/or offering for sale any goods or services that infringe TheraPearl's '648 Design Patent.

2.      Render a determination that the THERAPEARL®, THERAPEARL PALS®, and THERAPEARL TECHNOLOGY® trademarks are valid and enforceable.

3.      Render a determination that the SPORTS PACK® trademark is valid and enforceable.

4.      Render a determination that TheraPearl's Trade Dress is valid and enforceable.

5.      Render a determination that the '648 Design Patent is valid and enforceable.

6.      Find that Veridian has infringed TheraPearl's trademarks and trade dress and competed unfairly in violation of federal law by the acts complained of herein.

7.      Find that Veridian has utilized false designations of origin and/or false descriptions in violation of federal law by the acts complained of herein.

8.      Find that Veridian has competed unfairly in violation of Illinois statutory and common law by the acts complained of herein.

9.      Find that Veridian has infringed TheraPearl's '648 Design Patent in violation of federal law by the acts complained of herein.

10.     Issue an order requiring Veridian and any and all principals, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active privity or concert with Veridian who receive actual notice of said order, to deliver to TheraPearl for destruction all infringing goods in their possession or under their control which bear the infringing trademarks

and trade dress or any unauthorized simulations, copies or colorable imitations of TheraPearl's trademarks and trade dress, or which infringe TheraPearl's '648 Design Patent.

11.    Issue an order requiring recall of any infringing goods sold and requiring Veridian to issue written notices to all those previously offered the infringing goods and those to whom the infringing goods have been sold notifying them of the injunctions.

12.    Require Veridian to disseminate corrective advertising, at Veridian's expense and subject to TheraPearl's approval, that informs consumers, the trade and the public at large of Veridian's unlawful conduct as complained of herein and of the judgment requiring Veridian to cease such unlawful conduct, and/or require Veridian to pay TheraPearl's costs in producing and disseminating such corrective advertising.

13.    Direct Veridian to file with this Court and serve on counsel for TheraPearl, within thirty (30) days after entry of the injunctions, a written report under oath setting forth in detail the manner in which Veridian has complied with the foregoing paragraphs.

14.    Direct Veridian to provide an accounting of profits made by Veridian as a result of Veridian's unlawful conduct.

15.    Order Veridian to pay a judgment in the amount of TheraPearl's actual damages under 15 U.S.C. § 1117 and/or Illinois law, as well as Veridian's profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 284 and 28 U.S.C. § 1961, in an amount to be proven at trial.

16.    Award to TheraPearl all damages adequate to compensate it for Veridian's infringement of the '648 Design Patent, including Veridian's profits pursuant to 35 U.S.C. § 289, such damages to be determined by a jury and an accounting, if necessary, to compensate adequately TheraPearl for the infringement.

17.    Award to TheraPearl its attorneys' fees, due to the exceptional nature of this case, and all of TheraPearl's costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a), 35 U.S.C. §§ 284 and 285 and/or Illinois law.

18.    Order Veridian to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and 35 U.S.C. § 284, and punitive damages under Illinois law as appropriate.

19.    Grant to TheraPearl such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), TheraPearl hereby demands a jury trial on all issues so triable.

Respectfully submitted,


Dated:  August 31, 2018                      /s/ David L. Applegate_____

David L. Applegate, Esq. (Atty # 312 2573)
dla@willmont.com
Williams Montgomery & John Ltd.
233 S. Wacker Drive
Suite 6800 Willis Tower
Chicago, Illinois 60606
(312) 855.4851 (Phone)
(312) 630.8578 (Fax)

Matthew A. Pequignot
(*pro hac vice* pending)
PEQUIGNOT + MYERS
90 North Coast Highway 101
Suite 315
Encinitas, CA 92024
Phone: 202-328-1200
Facsimile:  202-328-2219

*Attorneys for Plaintiff TheraPearl, LLC*